# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANN MAY,**                                        **CASE NO.: XXX**

    **Plaintiff,**

vs.

**STEAK N' SHAKE, INC.,**

    **Defendant.**

_____/

## NOTICE OF REMOVAL
## AND INCORPORATED MEMORANDUM OF LAW

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant STEAK N SHAKE, INC. gives notice of removal to this Court of the action styled *Ann May v. Steak N' Shake Inc.*, Case No. 2022-CA-000234, filed in the Eighteenth Judicial Circuit Court, in and for Seminole County, Florida.[1] This Court has original subject-matter jurisdiction over this civil action under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. THE STATE COURT ACTION

1. On or about January 31, 2022, Plaintiff Ann May, a citizen of the state of New York, filed a case styled *Ann May v. Steak N' Shake Inc.*, Case No. 2022-CA-

---

[1] By removing this case to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law, including any defenses available under Federal Rule of Civil Procedure 12(b). Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service of process, improper venue, or forum non conveniens.

000234, filed in the Eighteenth Judicial Circuit Court, in and for Seminole County, Florida. The Complaint named one defendant, "Steak N' Shake, Inc." (hereinafter "SNS").

2. On February 3, 2022, SNS was served with the Complaint.

3. In the Complaint, Plaintiff alleges that she slipped and fell on an unknown clear liquid substance that was on the floor of the SNS restaurant located at 4325 North Lake Mary Boulevard, Lake Mary, Florida 32746.

4. SNS is an Indiana corporation whose principal place of business is in Indianapolis, Indiana.

5. Plaintiff is a citizen of West Virginia.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

6. Removal is proper under 28 U.S.C. §§ 1332 because (1) there is complete diversity of citizenship between Plaintiff and this Defendant and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

7. An action shall be removable on the grounds of diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

### A. The Amount-In-Controversy Requirement Is Satisfied.

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds

$75,000, exclusive of costs and interest.[2] "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

9. If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

10. Here, Plaintiff demands a judgment in excess of $30,000 in damages in her Complaint. Compl. ¶ 1. However, the nature of the allegations in the Complaint establishes that the amount in controversy exceeds $75,000, exclusive of costs and interest.

---

[2] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

11. Plaintiff asserts a negligence cause of action against Defendant. Compl. ¶ 11. She alleges that she "suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money." Compl. ¶ 12. She claims that " the losses are permanent and continuing within a reasonable degree of medical probability." Compl. ¶ 12.

12. It is widely recognized that personal injury claims similar to those raised by Plaintiff here facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding the amount in controversy was satisfied in a slip and fall case where the plaintiff alleged (1) physical injuries, (2) loss of wages and earning capacity, and (3) permanent disability and disfigurement); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2054, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

13. In short, considering the nature of the injuries Plaintiff alleges, it is facially evident that the amount-in-controversy requirement is satisfied here.[3]

B. **Complete Diversity of Citizenship Exists Between the Parties**

---

[3] In the event Defendant's amount-in-controversy allegations are challenged by Plaintiff, this Court must give Defendant an opportunity to present evidence supporting its position regarding the amount in controversy. *See Owens*, 135 S. Ct. at 553-54.

14. Plaintiff Ann May is, and was at the time of filing this action, a citizen of West Virginia. *See Plaintiff's Voter Registration attached hereto as Exhibit "A"*.

15. Plaintiff's primary care physician is located in Oak Hill, West Virginia. *See the abstract of Plaintiff's medical records attached hereto as Exhibit "B"*.

16. Voter registration and medical records may be used by the Court to ascertain a person's domicile. *Smyth v. Hillstone Rest. Grp., Inc.*, No. 13-80217-CIV, 2013 WL 2048188, at *2 (S.D. Fla. May 14, 2013).

17. Defendant SNS is, and was at the time of filing this action, an Indiana Corporation with its principal place of business in the state of Indiana.

18. For the purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Steak n Shake, Inc. is a citizen of the state of Indiana because it is incorporated in Indiana and has its principal place of business in Indiana.

19. Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendant SNS.

20. Because no Defendant with any real interest in the outcome of this litigation is a citizen of the state of Florida or the same state as Plaintiff (West Virginia), complete diversity exists under 28 U.S.C. §§ 1332(a)(1) and 1441(b)(2).

### III. DEFENDANT HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

21. Defendant SNS was served with the Complaint on February 3, 2022.

22. Therefore, this removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it was filed within 30 days of Steak n Shake, Inc.'s receipt of the initial pleading in this action. *See Blair v. Philips Electronics N. America Corp.*, 2017 WL

565075, at *1 (M.D. Fla. Feb. 13, 2017) ("The timeline [for removal] is not triggered until the defendant (or an agent) has been formally served or has waived service.").

23. The Eighteenth Judicial Circuit Court, in and for Seminole County, Florida, is located in the Middle District of Florida, *see* 28 U.S.C. § 89(b), and venue for this case is proper in this Court under 28 U.S.C. § 1441(a) because the Middle District of Florida embraces the place in which the removed action was pending.

24. In accordance with 28 U.S.C. § 1446(d), Defendant has provided the docket sheet and all process, pleadings, orders, and other papers on file in the state court action.

25. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel and filed with the Clerk of the Eighteenth Judicial Circuit Court, in and for Seminole County, Florida, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant STEAK N SHAKE, INC. requests this action be removed from the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I HEREBY CERTIFY** that on February 22, 2022, the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send a notice of electronic filing to Craig R. Lynd, craiglynd@kaufmanlynd.com; rrosso@kaufmanlynd.com;

litigation@kaufmanlynd.com, KAUFMAN & LYND, PLLC, 200 E. Robinson Street, Suite 400, Orlando, FL 32801.

                                                                */s/ Terry E. Leach*
C. DEWITT REVELS,III, ESQ.
Florida Bar No. 0073573
TERRY E. LEACH, ESQ.
Florida Bar No. 112987
Walker, Revels, Greninger, PLLC
189 S. Orange Avenue, Suite 1600
Orlando, FL 32801
Tel: 407-789-1830     Fax: 321-319-9650
drevels@wrg.law
mstafford@wrg.law
tleach@wrg.law
jdickerson@wrg.law
Attorneys for Defendant


(http://www.sos.wv.gov)

Secretary of State (http://www.sos.wv.gov/Pages/default.aspx) > Elections (http://www.sos.wv.gov/elections/Pages/default.aspx) > GoVoteWV.com (http://GoVoteWV.com) > Am I Registered To Vote

## Am I Registered To Vote

Enter your first name, last name, and date of birth to:

- Check your voter registration status
- Find your party
- Find your political districts
- Find your polling place

For a Town/City Election, please contact your City Clerk (https://sos.wv.gov/elections/Pages/MuniContacts.aspx) to find your precinct.

This lookup tool is under maintenance between 12:00 AM and 2:00 AM.

**\* First Name**

Ann

**\* Last Name**

May

**\* Date of Birth (MM/DD/YYYY)**

07/17/████

Submit

Please note that polls are open from 6:30 AM to 7:30 PM on Election Day. In emergency situations, your polling location may change.

This web site is for informational purposes only. The information displayed reflects the most recent entry on your record by your county and is updated nightly. Activity occurring today will not appear until the next day. If you have any issues or questions, please contact your County Clerk (https://sos.wv.gov/elections/Pages/CountyClerkDirectory.aspx).

EXHIBIT "A"

Home (http://www.sos.wv.gov/pages/default.aspx) | Contact Us (https://sos.wv.gov/Pages/contact.aspx) | Site Map (http://www.sos.wv.gov/Pages/sitemap.aspx) | Disclaimer (http://www.sos.wv.gov/Pages/content-disclaimer.aspx)

(http://www.wv.gov) State Agency Directory (http://www.wv.gov/Pages/agencies.aspx) | Online Services (http://www.wv.gov/Pages/services.aspx) Privacy, Security and Accessibility (http://www.wv.gov/policies/Pages/default.aspx) | WV.gov (http://www.wv.gov) | USA.gov (http://www.usa.gov) | © 2022 State of West Virginia



(http://www.sos.wv.gov)

Secretary of State (http://www.sos.wv.gov/Pages/default.aspx) > Elections (http://www.sos.wv.gov/elections/Pages/default.aspx) > GoVoteWV.com (http://www.GoVoteWV.com) > Am I Registered To Vote (/elections/Voter/AmIRegisteredToVote) > Results

# Am I Registered To Vote

| Name | Status | County / Precinct | District Information |
|---|---|---|---|
| **ANN MARIE MAY**<br>*Republican* | Active | SUMMERS — 04 | **Congressional:** 0001<br>**House:** 0028<br>**Senate:** 0010<br>**Magisterial:** NEW RIVER |

**Polling Place**

WEST END-CITY GARAGE
1800 TEMPLE STREET
HINTON WV 25951

**Status Descriptions**

<u>Active</u> – your registration is up to date and current.

<u>Inactive</u> – you have the same rights to cast a regular ballot as an "active" voter. However, this status means there is a potential issue with your registration and you did not return a confirmation post card sent by your county clerk. To become active again, simply update your registration online at ovr.sos.wv.gov (https://ovr.sos.wv.gov), cast a ballot in any election, update your registration at the DMV, or contact your county clerk.

<u>Cancelled</u> – your voter registration was cancelled and you must re-register to vote. Please contact your county clerk for an explanation of why your registration was cancelled.

Home (http://www.sos.wv.gov/pages/default.aspx) | Contact Us (https://sos.wv.gov/Pages/contact.aspx) | Site Map (http://www.sos.wv.gov/Pages/sitemap.aspx) | Disclaimer (http://www.sos.wv.gov/Pages/content-disclaimer.aspx)

(http://www.wv.gov) State Agency Directory (http://www.wv.gov/Pages/agencies.aspx) | Online Services (http://www.wv.gov/Pages/services.aspx)    Privacy, Security and Accessibility (http://www.wv.gov/policies/Pages/default.aspx) | WV.gov (http://www.wv.gov) | USA.gov (http://www.usa.gov) | © 2022 State of West Virginia

**ARH Oak Hill Primary Care Ctr**
**Dept of Beckley ARH Hosp 223 Maple Ave**
**OAK HILL, WV 25901**

Office Visit Report
Signed

Patient: May,Ann  
DOB: 07/17/███  
Age/Sex: 46 / F  
Loc: AL.PC  
Attending Dr: Marnie E. Moose APRN

MR#: AZ00026248  
Acct: ███████  
ADM Date: 09/08/20

cc: ~

# Intake
**Intake**
Visit Reasons: Elbow pain
**Allergies**

Penicillins Allergy (Severe, Verified 01/10/20 11:43)
    SOB
metoclopramide [From Reglan] Adverse Reaction (Severe, Verified 01/10/20 11:43)
    Hives

Coronavirus Risk: Travel and/or Contact w/ High Risk Person: No Travel or Contact Risk
Has Patient Experienced Coronavirus Symptoms: No

# PFSH
**Medical History** (Reviewed 09/08/20 @ 14:32 by Marnie Ellen Moose, APRN)

History of epidural anesthesia
Multiple thyroid nodules
Primary hypothyroidism
Thyroid disease

**Surgical History** (Reviewed 09/08/20 @ 14:32 by Marnie Ellen Moose, APRN)

History of back surgery
History of bilateral knee replacement
Hx of cholecystectomy
Hx of laparoscopy

**Family History** (Reviewed 09/08/20 @ 14:32 by Marnie Ellen Moose, APRN)
**Father**
    Adenocarcinoma
**Mother**
    Thyroid disease
    HTN (hypertension), benign

Health Information Management  0908-02073

EXHIBIT "B"

**101**