IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY FLORIDA

ANN MAY,                                   CASE NO.:  2022CA000234

      Plaintiff,

v.

STEAK N' SHAKE INC.

      Defendant.
_____/

## COMPLAINT

**COMES NOW,** Plaintiff, ANN MAY, by and through undersigned counsel, and hereby files this Complaint against Defendant, STEAK N' SHAKE INC., and for her cause of actions alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00) exclusive of attorney's fees and costs; and is within the jurisdictional limits of this Court.

2. That at all times material hereto, Defendant, STEAK N' SHAKE INC., ("STEAK N' SHAKE") is a foreign corporation licensed, authorized to and conducting business in Seminole, County, Florida.

3. That at all times material hereto, Plaintiff, ANN MAY ("MAY"), was a resident of Seminole County, Florida.

4. Venue is proper in Seminole County, Florida since acts giving rise to the causes of actions occurred in Seminole County, Florida.

5. On or about April 2, 2018, Defendant, STEAK N' SHAKE, was the owner and in possession of the building located at 4325 North Lake Mary Boulevard, Lake Mary, Florida 32746, ("Premises"), that is used as a restaurant.

6. On or about, April 2, 2018, Plaintiff, MAY, was on the property dining inside the dining room.

7. On or about April 2, 2018, Defendant, STEAK N' SHAKE, exclusively managed, maintained and controlled the Premises.

8. On or about April 2, 2018, Plaintiff, MAY, was lawfully on the Premises as a business invitee.

9. On or about April 2, 2018, as Plaintiff, MAY, was dining, in an ordinary, customary and foreseeable manner at the Premises. While Plaintiff was dining, she got up from her table, heading toward the restroom area and she slipped and fell on an unknown clear liquid substance, causing serious injury to Plaintiff, MAY.

10. At all times material herein, Defendant, STEAK N/ SHAKE, owed a duty of care to its invitees, including Plaintiff, to maintain its Premises in a reasonably safe condition.

11. At said time and place, Defendant, STEAK N' SHAKE, breached its duty owed to Plaintiff, MAY, by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the area of the restaurant where patrons were dining or walking, through creating hazardous conditions to their invitees, including the Plaintiff herein;

   b) Negligently failing to inspect or adequately inspect the restaurant, as specified above, to ascertain whether the condition constituted a hazard to its invitees, including the Plaintiff herein;

    c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor in the restaurant being slippery or wet, when Defendant, STEAK N' SHAKE, knew or though the exercise of reasonable care should have known that said floor of the restaurant was unreasonably dangerous; and

    d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the floor of the restaurant on Defendant's premises, when either said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

12. As a direct and proximate result of the negligence of Defendant, STEAK N' SHAKE, Plaintiff, MAY, suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money. The losses are permanent and continuing within a reasonable degree of medical probability. The Plaintiff, MAY, will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff, ANN MAY, demands judgment for damages against the Defendant, STEAK N' SHAKE INC. together with costs, interest and other such relief deemed just and proper by the Court and demands trial by jury on all issues so triable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ANN MAY, further demands a trial by jury on all issues so triable.

**RESPECTFULLY** submitted this 31st day of January 2022.

                                                _____
Craig R. Lynd, Esquire
Florida Bar No.: 122210
Jeffrey S. Kaufman, Esquire
Florida Bar No.: 99538
Christopher H. Hunt, Esquire
Florida Bar No.: 21705
Patricia A. Blotzer, Esq.
Florida Bar No.: 1010346
Primary:     craiglynd@kaufmanlynd.com
Secondary: rrosso@kaufmanlynd.com
Alternate:   litigation@kaufmanlynd.com
KAUFMAN & LYND, PLLC
Counsel for Plaintiff
200 E. Robinson Street, Suite 400
Orlando, Florida 32801
Phone: (407) 706-3535
Fax: (407) 440-4543

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY FLORIDA

ANN MAY,                                    CASE NO.:

    Plaintiff,

v.

STEAK N' SHAKE INC.

    Defendant.
_____/

## CASE MANAGEMENT PLAN

### (GENERAL)

1

| | |
|---|---|
| 1. Date of First Response (i.e. Answer, Notice of appearance, Motion for Extension of Time, Motion to Dismiss) | The date of the first filing: |
| 2. Deadline for adding new parties, amendment of pleadings | Should be 60-90 days since response date |
| 3. Deadline for Witness & Exhibit List (Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | Should be 60-90 days before Trial |
| 4. Deadline for Expert Disclosure | Should be 150-180 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the Names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.28(b)(5).  Each party is limited to one expert per specialty.  No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Court. | Should be 120-150 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | Should be resolved 150-180 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | Should be 15-30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions- Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | Should be heard 15-30 days prior to projected trial date |
| 8. Deadline for Mediation: | Should be 45-60 days prior projected trial date |
| 9. Trial Date | Must include length of trial period and projected date trial is desired to commence 18 months from date of the |

2

|  | Case Mgmt Plan and submission of Case Management Order to Court |
|---|---|

**The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature.**

3

**I hereby certify that I have that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.**

**Date: _____**

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number. Unrepresented parties must include email address for service.**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY FLORIDA

ANN MAY,                             CASE NO.:

    Plaintiff,

v.

STEAK N' SHAKE INC.

    Defendant.
_____/

**CASE MANAGEMENT ORDER**

    Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

    **ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

    The projected date of trial for this matter is the trial docket beginning December 12, 2022. A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

    Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within 90 days of the date of this Order.

    The fact witnesses of all parties shall be disclosed to all other parties no later than 90 days prior to the above projected trial date.

    All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than 150 days prior to the above projected trial date. Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

    All fact AND expert discovery shall be completed no later than 30 days prior to the above projected trial date.

    All objections to the pleadings, and all pre-trial motions shall be resolved no later than 150 days prior to the above projected trial date.

5

Mediation shall be completed no later than 45 days prior to the above projected trial date.

## ORDER

**THE COURT,** having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that

1. **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2. **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable**.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than ten (10) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

6

7.  **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in _____, _____ County, Florida on \_\_\_\_ day of _____, 2021..

_____
Circuit Judge

*<u>A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.</u>*

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711**

7